1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9

ROBERT A. HARDGRAVES,

              Plaintiff,

10

v.

11
12

JAMES D. HARTLEY, et al.,

              Defendants.

13
14

_____/

CASE NO. 1:11-cv–01024-BAM PC

ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS

(ECF No. 11)

THIRTY-DAY DEADLINE

15
**I.**     **Screening Requirement**

16     Plaintiff Robert A. Hardgraves is a former state prisoner proceeding pro se and in forma

17 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff consented to the

18 jurisdiction of the Magistrate Judge on June 28, 2011.  (ECF No. 7.)  On June 14, 2012, an order

19 issued requiring Plaintiff to either file an amended complaint or notify the Court of his willingness

20 to proceed on the claims found to be cognizable in the complaint.[1]  (ECF No. 10.)  Plaintiff filed a

21 first amended complaint on July 9, 2012.  (ECF No. 11.)

22     The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25 "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

26 monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

27

28
      [1]On June 14, 2012, Plaintiff's official capacity claims for and request for declaratory relief were dismissed without leave to amend.  (ECF No. 10.)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

## II.   Complaint Allegations

This action is brought against Warden James D. Hartley, Chief Medical Officer Ellen Greenman, Dr. M. Boparai; Registered Nurse S. Malogi, Physician Assistant Green, Physician Assistant Safi, Chief Executive Officer of Health Care Services Donald B. McElroy, and Infectious Disease Specialist Mui alleging deliberate indifference to serious needs in violation of the Eighth Amendment.  Plaintiff is seeking compensatory and punitive damages.

While housed at Avenal State Prison, Plaintiff was seen via satellite by Defendant Mui for recurring Valley Fever symptoms on December 9.  Plaintiff alleges that Defendant Mui only

interviewed him and refused to discuss his symptoms or examine him.  On January 20, 2010, Plaintiff filed an inmate appeal requesting to be seen by an infectious disease specialist not affiliated with Defendant Mui or his office.  Plaintiff was interviewed on February 14, 2010, by Defendant Safi and informed her that he had a constant runny nose, bone aches which were severe and increasing, and fatigue which were symptoms of Valley Fever.  Defendant Safi denied Plaintiff's appeal at the first level stating that there was no need for referral to an infectious disease specialist because no followup was recommended by the specialist.  (First Am. Compl. 7,[2] ECF No. 11.)

On March 15, 2010, Plaintiff was examined by Defendant Green for his second level appeal. Defendant Green noted that Plaintiff had occasional symptoms, but did not order any tests and refused Plaintiff's requests to see a specialist.  (Id. at 8.)  On March 8, 2010, Defendant Malogi failed to act, and Plaintiff filed his appeal at the third level.  (Id. at 8-9.)

Plaintiff alleges that Defendants Boparai, Greenman, McElroy, and Hartley did not implement and maintain guidelines set forth in the stipulation for injunctive relief in Plata v. Davis, C-01-1351 (N.D.Cal.), denying Plaintiff his access to adequate, quality, and effective medical care. (Id. at 9-10.)  Plaintiff's appeal was denied at the third level on April 29, 2010.  On September 7, 2010, Plaintiff was diagnosed with Valley Fever and began receiving medication to treat his symptoms.  Due to the failure to receive medical assistance for his Valley Fever, Plaintiff continues to suffer severe bone aches, joint pain, shortness of breath, lightheadedness, and fatigue.  (Id. at 10.)

For the reasons set forth below, Plaintiff's first amended complaint fails to state a claim against any named defendant.  In this action, Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court.  Plaintiff was unable to cure the deficiencies to state a claim against any defendants under § 1983.  The Court finds that the deficiencies in Plaintiff's claims against the prison officials based upon the review and denial of his inmate appeal are not capable of being cured by amendment, and therefore further leave to amend Plaintiff's claims against Defendants Hartley, Greenman, Boparai; Malogi, Green, Safi, and McElroy should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However,

---

[2]All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

the Court previously found that Plaintiff had stated a claim against Defendant Miu.  Therefore, Plaintiff shall be granted one final opportunity to amend his complaint to attempt to cure the deficiencies in his claim against Defendant Miu.

## III.   Discussion

### A.   Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010).  "Deliberate indifference is a high legal standard."  Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

### 1.   Defendant Mui

According to Plaintiff's complaint, Defendant Mui interviewed Plaintiff by satellite regarding his recurring Valley Fever symptoms.  Plaintiff's allegation that Defendant Mui refused to discuss his symptoms, ignored his complaints, and refused to examine Plaintiff during the satellite interview does not set forth sufficient facts to show that Defendant Mui acted with the requisite state of mind to state a cognizable claim.  In amending his complaint, Plaintiff must set forth sufficient factual detail to allow the Court to reasonably infer that the defendant is liable for the conduct alleged.  Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50.  The possibility of misconduct is insufficient to state a plausible claim.  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

///

## 2. **Appeal Defendants**

Following his appointment with Defendant Mui, Plaintiff filed an inmate appeal stating that he was having much of the symptoms that he had prior to be hospitalized with Valley Fever. Plaintiff alleged that Defendant Mui was not looking out for his best interests and requested to be seen by a specialist not affiliated with Defendant Mui's office. (ECF No. 11 at 15.) Defendant Safi and Green examined Plaintiff for his appeal. Defendant Safi determined that Plaintiff had no current symptoms of Valley Fever and followup was not medically indicated. Plaintiff had been seen by a specialist and follow-up was not recommended. Plaintiff was advised to continue to take his medication as directed, follow a healthy lifestyle, and follow-up with his yard medical provider. (Id. at 18.) This is insufficient to show that Defendant Safi acted with the requisite state of mind to establish deliberate indifference.

Defendant Green noted that Plaintiff had occasional symptoms of Valley Fever, but the appeal did not require further investigation. Defendants Safi, Green, and Malogi denied Plaintiff's appeal based upon the finding that Plaintiff was not showing current symptoms of Valley Fever and the recommendation of the infectious disease specialist that further follow up was not needed. (Id. at 20.) Defendants Greenman, McElroy, Malogi, and Boparai signed off on the appeal responses. While Plaintiff was requesting that he be referred to a different specialist, Plaintiff was seen and interviewed by Defendant Miu. Plaintiff's request to be referred to a different specialist because he was not satisfied with Defendant Miu's recommendation is a disagreement with prison medical authorities as to proper treatment and does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

Further, a delay in treatment would not rise to the level of deliberate indifference unless the delay causes substantial harm. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984). To the extent that Plaintiff attempts to state a claim based on a delay in treatment, Plaintiff fails to show that he suffered substantial harm. Plaintiff states that he was diagnosed and began receiving medication on September 7, 2010. Plaintiff's current complaints are the same as those he was experiencing prior to his consultation

with Defendant Mui.  Plaintiff's allegations that he may suffer harm from the failure to treat are speculative and insufficient to state a cognizable claim.

Plaintiff fails to state a cognizable claim that Defendants Safi, Green, Greenman, McElroy, Malogi, and Boparai were deliberately indifferent by denying his appeal requesting referral to a different specialist.

### 3.    Supervisory Defendants

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*.  Iqbal, 129 S. Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim Plaintiff must set forth sufficient facts to allege that each defendant was aware of a serious medical need and failed to adequately respond.  Simmons, 609 F.3d at 1018.  Plaintiff's allegations that Defendants Boparai, Greenman, and McElroy failed to act is insufficient to state a cognizable claim.

Further, Plaintiff's allegation that Defendants Hartley, Boparai, Greenman, and McElroy did not implement and maintain guidelines set forth in the stipulation for injunctive relief in Plata v. Davis fails to state a cognizable claim for a violation of his federal rights.  The violation of consent decrees, settlements, or injunctions in other cases does not provide liability in this action.  See Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999); Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E.D.Cal. 1995).

### IV.    Conclusion and Order

For the reasons stated, Plaintiff's first amended complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff has previously been given an opportunity to amend his complaint, with direction from the Court, and was unable to cure the deficiencies in his claims based upon prison officials review and denial of his appeal.  The Court finds that Plaintiff's claims against the prison officials based upon his appeal are not capable of being cured by amendment, and therefore further leave to amend Plaintiff's claims against Defendants Hartley, Greenman, Boparai; Malogi, Green, Safi, and McElroy should not be granted.

1  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However,

2  Plaintiff shall be granted one final opportunity to file an amended complaint setting forth his claims

3  against Defendant Mui within thirty days.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

4  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

5  complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

6          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what the

7  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

8  <u>Iqbal</u>, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

9  duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

10  caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).  Although

11  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

12  speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

13          Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

14  114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must

15  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

16  causes of action alleged in an original complaint which are not alleged in an amended complaint are

17  waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th

18  Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

19          Based on the foregoing, it is HEREBY ORDERED that:

20          1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

21          2.      Plaintiff's first amended complaint, filed July 9, 2012, is dismissed for failure to state

22                  a claim upon which relief may be granted under section 1983;

23          3.      Plaintiff's Eighth Amendment claims based upon the denial of his inmate appeal are

24                  dismissed, with prejudice, for failure to state a claim;

25          4.      Defendants Hartley, Greenman, Boparai; Malogi, Green, Safi, and McElroy are

26                  dismissed from this action due to Plaintiff's failure to state a cognizable claim against

27                  them under section 1983;

28          5.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

1    second amended complaint setting forth his claims against Defendant Mui; and

2    6.    If Plaintiff fails to file a second amended complaint in compliance with this order,

3    this action will be dismissed, with prejudice, for failure to state a claim.

4    IT IS SO ORDERED.

5    **Dated:**   **July 30, 2012**                    **/s/ Barbara A. McAuliffe**
                                                UNITED STATES MAGISTRATE JUDGE