UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. HARDGRAVES,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES D. HARTLEY, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:11-cv–01024-BAM PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 13.)<br><br>THIRTY-DAY DEADLINE |

**I.  Procedural History**

Plaintiff Robert A. Hardgraves is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on June 20, 2011.  On June 14, 2012, an order issued requiring Plaintiff to either file an amended complaint or notify the court that he was willing to proceed on the claims found cognizable in the complaint.  (ECF No. 10.)  On July 9, 2012, Plaintiff filed a first amended complaint.  (ECF No. 11.)  On July 31, 2012, Plaintiff's first amended complaint was dismissed, with leave to amend his claims against Defendant Mui, for failure to state a claim.  (ECF No. 12.)   Plaintiff filed a second amended complaint on August 16, 2012.  (ECF No. 13.)

**II.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

### III. Second Amended Complaint Allegations

Defendant Mui is an infectious disease specialist who was contracted to provide health care services at Avenal State Prison ("Avenal"). (Sec. Am. Compl. 4,[1] ECF No. 13.) On December 9, 2009, Plaintiff was seen by Defendant Mui by video conference for recurring symptoms of Valley Fever. Defendant Mui interviewed Plaintiff, but refused to discuss his symptoms, ignoring his recurring symptoms, and refused to examine Plaintiff. (Id. at 5.)

Plaintiff alleges that Defendant Mui was aware that there was an outbreak of Valley Fever at Avenal, that inmates were contracting the disease, and suffering permanent damage due to poor detection and no early intervention. Due to the fact that Defendant Mui denied Plaintiff medical care, he suffered from chronic bone aches, joint pain, shortness of breath, lightheadedness, and fatigue for more than ten months, and was denied all treatment by medical staff at Avenal.[2] (Id.)

Plaintiff was examined and diagnosed with Valley Fever on September 7, 2010, and was prescribed medication that relieved most of the pain and caused his bouts of dizziness, lightheadedness, and fatigue to occur less often. (Id. at 6.)

### IV. Discussion

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] Although Plaintiff alleges that he was denied all medical treatment at Avenal State Prison, his prior complaints show that he was receiving some medical treatment during this period of time but was found to not have current symptoms of Valley Fever.

higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Plaintiff was previously informed that he must set forth sufficient factual detail for the court to reasonably infer that Defendant Mui acted with the requisite state of mind to state a claim of deliberate indifference. Plaintiff's second amended complaint fails to set forth any additional factual allegations regarding the interview with Defendant Mui. Even if Defendant Mui was aware of the outbreak of Valley Fever at Avenal, that is insufficient to show that he was aware that Plaintiff was at a serious risk of harm and failed to adequately respond. Plaintiff's allegation that he had recurring symptoms of Valley Fever does not demonstrate that at the time of his appointment, Defendant Mui was aware that Plaintiff was suffering from symptoms that required treatment. Plaintiff's disagreement with the recommendation of Defendant Mui does not state a cognizable claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

Plaintiff shall be granted one final opportunity to file an amended complaint. Plaintiff is advised that his third amended complaint must set forth sufficient factual detail regarding the interview with Defendant Mui for the Court to reasonably infer that Plaintiff had a serious medical need that Defendant Mui was aware of and Defendant Mui failed to adequately respond.

**V.     Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final opportunity to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

   Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

   Based on the foregoing, it is HEREBY ORDERED that:

   1.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

   2.  Plaintiff's second amended complaint, filed August 16, 2012, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

   3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint setting forth his claims against Defendant Mui; and

   4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

   IT IS SO ORDERED.

   Dated:   **August 27, 2012**          /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE