UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. HARDGRAVES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES D. HARTLEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-001024-BAM PC<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br>(ECF Nos. 19, 20)<br><br>TWENTY-ONE DAY DEADLINE |

**I.　Background**

Plaintiff Robert A. Hardgraves ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint, filed on September 13, 2012, against Defendant Mui for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment.

On January 9, 2013, Defendant Mui filed a motion to dismiss for failure to state a claim and as barred by the statute of limitations. (ECF No. 19.) On January 23, 2013, Plaintiff filed a document entitled "Request Motion for Court Not to Dismiss Plaintiff's Complaint." (ECF No. 20.) The Court construes this document as Plaintiff's opposition to Defendant's motion to dismiss. On February 4, 2013, Defendant filed a reply, and Plaintiff filed a counter-reply on February 11, 2013. (ECF Nos. 22, 23.) The motion to dismiss is deemed submitted. Local Rule 230(l).

///

## II.   Procedural Background

Plaintiff initiated this action on June 20, 2011.  On June 14, 2012, the Court screened Plaintiff's complaint pursuant 28 U.S.C. § 1915A, and determined that Plaintiff stated a cognizable claim against Defendant Mui, but did not state any other cognizable claims.  The Court therefore ordered Plaintiff to either file an amended complaint or notify the Court that he wished to proceed only against Defendant Mui.  (ECF No. 10.)

On July 9, 2012, Plaintiff filed a first amended complaint.  On July 31, 2012, the Court screened Plaintiff's first amended complaint and determined that Plaintiff failed to state a cognizable claim.  The Court therefore dismissed certain claims and defendants and directed Plaintiff to file a second amended complaint setting forth his claims against Defendant Mui.  (ECF No. 12.)

On August 16, 2012, Plaintiff filed a second amended complaint.  On August 28, 2012, the Court screened Plaintiff's second amended complaint and determined that it failed to state a cognizable claim.  The Court therefore dismissed the complaint and directed Plaintiff to file a third amended complaint setting forth his claims against Defendant Mui.  (ECF No. 14.)

On September 13, 2012, Plaintiff filed a third amended complaint.  On October 10, 2012, the Court screened Plaintiff's third amended complaint and found that it stated an Eighth Amendment claim against Defendant Mui for deliberate indifference to Plaintiff's medical needs.  (ECF No. 16.)

On October 19, 2012, the Court directed the United States Marshal to serve the third amended complaint. (ECF No. 18.)  Defendant Mui waived service of summons on January 3, 2013.  (ECF No. 21.)  Thereafter, on January 9, 2013, Defendant Mui filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III.   Third Amended Complaint Allegations

Plaintiff is no longer incarcerated.  The events at issue in this action occurred while Plaintiff was housed at Avenal State Prison ("Avenal").  Plaintiff alleges as follows:  On December 9, 2009, Plaintiff was seen by Dr. Mui, an infectious disease specialist, via satellite.  At that time, Plaintiff told Dr. Mui that he was suffering with bone aches, dizziness, shortness of breath, light-headedness, night sweats and fatigue.  Dr. Mui told Plaintiff that there was nothing wrong with him.  Although Plaintiff

told Dr. Mui that he was suffering from recurring symptoms that he had with Valley Fever, Dr. Mui refused to examine Plaintiff and dismissed his complaint of suffering.

Plaintiff further alleges that Dr. Mui was aware of the outbreak of Valley Fever at Avenal because Dr. Mui allegedly treated Plaintiff while he was in the hospital for Valley Fever. Dr. Mui also reportedly knew that inmates were being seriously damaged by the disease because Dr. Mui was the attending doctor for all inmates at Avenal, including those who had died. Plaintiff alleges that because Dr. Mui denied him medical assistance, Plaintiff suffered chronic bone ache, severe joint pain, shortness of breath, light-headedness and fatigue for more than ten months. Plaintiff also was denied any medical assistance or treatment by the medical staff at Avenal because of Dr. Mui.

Plaintiff alleges that on September 7, 2010, he finally was examined and diagnosed with Valley Fever. Plaintiff was prescribed medication that relieved most of his pain and stopped his dizziness, light-headedness and fatigue.

**IV. Motion to Dismiss Legal Standard**

A motion to dismiss for failure to state a claim is properly granted where the complaint lacks "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988)). While accepting factual allegations in the complaint as true, the court is not required to accept legal conclusions as true, and the factual allegations must state a plausible claim for relief. Maya v. Centex Corp., 658 F.3d 1060, 1067-68 (9th Cir. 2011).

In considering a motion to dismiss for failure to state a claim, the court generally considers only the pleadings and assumes the facts well pleaded in the complaint are true. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332 F.3d 1198, 1201, 1203 (9th Cir. 2002). A court may consider evidence that the complaint relies on, where the complaint refers to a document that is central to the complaint and no party questions the authenticity of the document. Marder, 450 F.3d at 448; see United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, the court is to construe the pleadings liberally and resolve all doubts in the pleader's favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Id.

## V.  Discussion

### A.  Eighth Amendment Claim

Defendant Mui contends that the third amended complaint fails to plead sufficient facts to demonstrate "deliberate indifference" to medical needs in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

The second prong, deliberate indifference, is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Defendant Mui contends that "Plaintiff's complaint is devoid of any allegations that Dr. Mui was aware that Plaintiff actually did have valley fever and affirmatively disregarded the medical condition."  This contention lacks merit.  Plaintiff's complaint contains allegations that (1) Dr. Mui was aware that Plaintiff suffered from Valley Fever as Dr. Mui had treated Plaintiff in the hospital, (2) Plaintiff informed Dr. Mui on December 9, 2009, that he was experiencing a recurrence of his Valley Fever symptoms, and (3) Dr. Mui refused to examine Plaintiff and disregarded his complaints.  These allegations are sufficient to state a claim for deliberate indifference because Plaintiff has alleged that Defendant Mui was aware of Plaintiff's serious medical need and failed to adequately respond. Simmons, 609 F.3d at 1018.  As noted above, the Court previously found that Plaintiff's allegations were sufficient to state a cognizable claim for deliberate indifference against Defendant Mui.  The Court does not find any basis to alter that determination.

**B. Statute of Limitations**

Defendant Mui argues that Plaintiff's complaint is barred by the statute of limitations. As section 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Lukovsky v. City of San Francisco, 535 F.3d 1044, 1048 (9th Cir.2008). California's statute of limitations for an action for a personal injury caused by the wrongful or negligent act of another is two years from the date of accrual. Cal. Civ. Proc. Code § 335.1.

Defendant Mui contends that on the face of the third amended complaint Plaintiff is barred from pursuing this action based on the two-year statute of limitations. In so arguing, Defendant Mui refers to Plaintiff's allegations that he last saw Dr. Mui on December 9, 2009, and that he was relieved of Valley Fever symptoms on September 7, 2010. Defendant Mui contends that by filing this action on September 12, 2012, Plaintiff missed the two year limitations period by six days. (ECF No. 19, p. 6.)

Defendant Mui's argument is unsupported for two main reasons. First, Plaintiff initiated this action on June 20, 2011, not September 12, 2012. (ECF No. 1.) Although Plaintiff filed his third amended complaint on September 13, 2012, the amendment relates back to the date of Plaintiff's original complaint because it asserts a claim that arose out of the conduct set out (or attempted to be set out) in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Based on Defendant Mui's own assertions regarding accrual, Plaintiff's action is not barred by the applicable statute of limitations as he filed this action on June 20, 2011, which is less than two years after September 7, 2010, the date he was relieved of Valley Fever symptoms.

Second, Defendant Mui's argument overlooks the premise that federal courts also should borrow all applicable provisions for tolling the limitations period found in state law. Wallace, 549 U.S. at 387-88. California's statute of limitations may be tolled up to two years for a prisoner's monetary damage claims. Cal. Civ. Proc. Code § 352.1. Thus, Plaintiff's claim against Defendant Mui must have accrued within the four years preceding June 20, 2011, the date this lawsuit was filed.

Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. Lukovsky, 535 F.3d at 1048. A federal claim accrues when the plaintiff

knows or has reason to know of the injury which is the basis of the action.  Id. at 1051.  Based on Plaintiff's allegations, the earliest that Plaintiff knew or had reason to know of his injury was December 9, 2009, when Dr. Mui reportedly refused to treat Plaintiff's recurrence of Valley Fever. Plaintiff's claim against Defendant Mui therefore accrued within the four years preceding the filing of this action on June 20, 2011, and it is not barred by the relevant statute of limitations.

**VI.     Conclusion and Recommendation**

For the reasons stated, it is HEREBY ORDERED as follows:

1. Defendant Mui's motion to dismiss, filed January 9, 2013, is DENIED; and
2. Defendant Mui shall file an answer to the third amended complaint within twenty-one (21) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **August 14, 2013**             /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE