1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT A. HARDGRAVES,                )   Case No.: 1:11-cv-001024-BAM PC
                                          )
12              Plaintiff,                )   ORDER STRIKING PLAINTIFF'S FOURTH
                                          )   AMENDED COMPLAINT
13        v.                              )   (ECF No. 32)
                                          )
14   JAMES D. HARTLEY, et al.,            )
                                          )
15              Defendants.               )
                                          )
16   _____  )

17        Plaintiff Robert A. Hardgraves ("Plaintiff") is a former state prisoner proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

19   Plaintiff's third amended complaint, filed on September 13, 2012, against Defendant Mui for

20   deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment.   Defendant

21   Mui filed an answer to the third amended complaint on September 3, 2013.  On December 30, 2013, a

22   fourth amended complaint was lodged.  (ECF No. 32.)

23        Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once

24   as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may

25   amend only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).

26   Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires.

27   Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citing Fed. R.

28   Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices

                                          1

1  the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is

2  futile." Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to

3  amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001)

4  (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

5          Plaintiff has previously filed a third amended complaint and an answer has been filed.  Plaintiff

6  did not file a motion to amend, and the Court has not granted leave to amend.  Therefore, it is

7  HEREBY ORDERED that the fourth amended complaint, lodged December 30, 2013, is STRICKEN

8  from the record.

9

10  IT IS SO ORDERED.

11      Dated:    **January 3, 2014**              /s/ Barbara A. McAuliffe      _

12                                          UNITED STATES MAGISTRATE JUDGE