UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. HARDGRAVES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES D. HARTLEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-001024-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF No. 34) |

**I.  Background**

Plaintiff Robert A. Hardgraves ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint, filed on September 13, 2012, against Defendant Mui for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment.  Defendant Mui filed an answer to the third amended complaint on September 3, 2013.

On December 30, 2013, a fourth amended complaint was lodged. (ECF No. 32.) On January 3, 2014, the Court struck Plaintiff's fourth amended complaint from the record.  The Court indicated that Defendant Mui had answered the third amended complaint and Plaintiff had neither filed a motion to amend nor been granted leave to amend.  (ECF No. 33.)

1

On January 21, 2014, Plaintiff filed the instant motion for leave to file an amended complaint. (ECF No. 34.) Defendant Mui opposed the motion on February 4, 2014, and Plaintiff replied on February 14, 2014. (ECF Nos. 35, 36.) The motion is deemed submitted. Local Rule 230(l).

## II.   Discussion

### A.   Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### B.   Analysis

Plaintiff requests leave to amend "to include the violation of federal court order that was stated in the original complaint." (ECF No. 34, p. 1.) Plaintiff contends that since the filing of his third amended complaint, it has been determined that he was under a federal court order and that Defendant Mui violated the order.

Defendant Mui opposes the request to amend for two primary reasons. First, Defendant Mui contends that the motion is procedurally improper because Plaintiff has failed to submit the proposed amended pleading. Second, Defendant Mui contends that the anticipated amendment referencing a federal court order is futile. In particular, Defendant Mui believes, based on the limited information provided in Plaintiff's motion, that the intended reference to a federal court order is an order issued in the matter of Plata v. Davis, which is not applicable to Defendant Mui.

Plaintiff replies that he is a pro se litigant and the motion to amend should not be denied on procedural grounds because he sent a copy of his proposed fourth amended complaint to the Court. Plaintiff further replies that his proposed amendment is not futile. Specifically, Plaintiff contends that "Dr. Mui was under 'color of state law' and applicable to Plata" and that "Dr. Mui was in fact working for the prison system when he denied me medical care, and applicable to Plata." (ECF No. 36, pp. 4-5.)

Based on the reply, it is evident that Plaintiff is attempting to add a claim alleging that Defendant Mui violated a court order entered in Plata v. Davis, et al., 3:01-cv-01351-TEH, which is pending in the Northern District of California. However, Plaintiff may not pursue an individual claim for money damages against Defendant Mui in this action based on the orders issued in Plata. Coston v. Clark, 2014 WL 654547, *4 (E.D. Cal. Feb. 19, 2014). Remedial orders issued in Plata do not provide him with an independent cause of action under section 1983. Id.; see also Thomas v. Brown, 2014 WL 585421, *3 (E.D. Cal. Feb. 14, 2014); Yocom v. Grounds, 2012 WL 2254221, *6 (N.D. Cal. June 14, 2012). Accordingly, Plaintiff will not be granted leave to amend because the proposed amendment is futile. AmerisourceBergen Corp., 465 F.3d at 951.

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion for leave to file an amended complaint is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 10, 2014**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

3