1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT A. HARDGRAVES,

)   Case No.: 1:11-cv-01024-AWI-BAM (PC)
)
12                    Plaintiff,

)   FINDINGS AND RECOMMENDATIONS
)   REGARDING DEFENDANT'S MOTION FOR
13        v.

)   SUMMARY JUDGMENT
)
14   JAMES D. HARTLEY, et al.,

)
)   (ECF No. 39)
15                    Defendants.

)
)   THIRTY-DAY DEADLINE
16

)
)
17

)

18   **I.      Introduction**

19          Plaintiff Robert A. Hardgraves ("Plaintiff") is a former state prisoner proceeding pro se and in

20   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

21   Plaintiff's third amended complaint, filed on September 13, 2012, against Defendant Mui for

22   deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment.

23          On July 17, 2014, Defendant Mui filed a motion for summary judgment on the grounds that

24   Plaintiff cannot establish that Defendant Mui was deliberately indifferent to his medical needs or that

25   Defendant Mui caused him any injury.  (ECF No. 39.)  On July 18, 2014, the Court provided Plaintiff

26   with notice of the requirements for opposing a motion for summary judgment.  (ECF No. 67); See

27   Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988);

28   Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).  On September 5, 2014, the Court

1

1  directed Plaintiff to file an opposition or statement of non-opposition to the motion for summary

2  judgment.  (ECF No. 69.)  On September 8, 2014, Plaintiff opposed the motion.  (ECF No. 70.)

3  Defendant Mui replied on September 15, 2014, and Plaintiff filed a surreply on September 23, 2014.

4  (ECF Nos. 71, 72.)  The motion is deemed submitted.  Local Rule 230(l).

5     **II.  Defendant's Motion for Summary Judgment**

6      **A.  Legal Standard for Summary Judgment**

7     Pursuant to Federal Rule of Civil Procedure 56(a) summary judgment is appropriate when the

8  movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

9  judgment as a matter of law.  Summary judgment must be entered, "after adequate time for discovery

10  and upon motion, against a party who fails to make a showing sufficient to establish the existence of

11  an element essential to that party's case, and on which that party will bear the burden of proof at trial."

12  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  However, the court is to liberally construe the

13  filings and motions of pro se litigants.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  The

14  "party seeking summary judgment always bears the initial responsibility of informing the district court

15  of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to

16  interrogatories, and admissions on file, together with the affidavits, if any, which it believes

17  demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323 (internal

18  quotations and citations omitted).

19     If the moving party meets its initial responsibility, the burden then shifts to the opposing party

20  to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co.

21  v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this

22  factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to

23  tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in

24  support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586

25  n.11.

26     In arriving at these Findings and Recommendations, the Court carefully reviewed and

27  considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts

28  and responses thereto, if any, objections, and other papers filed by the parties.  Omission of reference

1  to an argument, document, paper, or objection is not to be construed to the effect that this Court did

2  not consider the argument, document, paper, or objection.  This Court thoroughly reviewed and

3  considered the evidence it deemed admissible, material, and appropriate.

4  **B.  Summary of Relevant Allegations in Plaintiff's Third Amended Complaint**

5  Plaintiff is no longer incarcerated.  The events at issue in this action occurred while Plaintiff

6  was housed at Avenal State Prison ("Avenal").  Plaintiff alleges:  On December 9, 2009, Plaintiff was

7  seen by Dr. Mui, an infectious disease specialist, via satellite.  At that time, Plaintiff told Dr. Mui that

8  he was suffering with bone aches, dizziness, shortness of breath, light-headedness, night sweats and

9  fatigue.  Dr. Mui told Plaintiff that there was nothing wrong with him.  Although Plaintiff told Dr. Mui

10  that he was suffering from recurring symptoms that he had with Valley Fever, Dr. Mui refused to

11  examine Plaintiff and dismissed his complaint of suffering.

12  Plaintiff further alleges that Dr. Mui was aware of the outbreak of Valley Fever at Avenal

13  because Dr. Mui treated Plaintiff while he was in the hospital for Valley Fever.  Dr. Mui also

14  reportedly knew that inmates were being seriously damaged by the disease because Dr. Mui was the

15  attending doctor for all inmates at Avenal, including those who had died.  Plaintiff alleges that because

16  Dr. Mui denied him medical assistance, Plaintiff suffered chronic bone ache, severe joint pain,

17  shortness of breath, light-headedness and fatigue for more than ten months.  Plaintiff also was denied

18  any medical assistance or treatment by the medical staff at Avenal because of Dr. Mui.

19  Plaintiff asserts that he finally was examined on September 7, 2010, and diagnosed with Valley

20  Fever.  Plaintiff was prescribed medication that relieved most of his pain and stopped his dizziness,

21  light-headedness and fatigue.

22  **C.  Defendant's Statement of Undisputed Material Facts ("DUF")**

23  1.      In September 2008, while incarcerated at Avenal State Prison, Plaintiff was diagnosed

24  with coccidioidomycosis.  On September 15, 2008, Plaintiff was admitted to Coalinga Medical Center

25  with complaints of cough, bright yellow sputum, shortness of breath, chills and left-sided pleuritic

26  pain.  Medical work-up revealed probable coccidioidomycosis.  He was admitted and treated with

27

28

3

1    intravenous antibiotics and antifungal therapy.  (Declaration of Royce Johnson, M.D. ("Johnson

2    Dec.") ¶ 8; Declaration of Jemma Parker Saunders ("Saunders Dec.") ¶ 5, Ex. E, pp. 1918-19.)[1]

3           2.      Plaintiff was discharged from Coalinga Medical Center on September 20, 2008.  His

4    treating physician, Paul Griffin, M.D., noted that Plaintiff had responded well to IV fluconazole and

5    recommended two months of oral fluconazole at 800 mg per day.  (Johnson Dec. ¶ 9, Saunders Dec. ¶

6    6, Ex. E. pp. 1909-10.)

7           3.      Coccidioidomycosis ("cocci") is a fungal infection caused by inhalation of dust

8    containing fungal cocci spores.  Symptoms include fever, cough, and upper respiratory symptoms.

9    Cocci infections are diagnosed by performing laboratory tests to identify the presence and

10   concentration of specific antibodies in the patient's blood.  The presence of coccidioidal antibodies is

11   measured using a qualitative test called immunodiffusion.  The severity of a patient's disease is

12   measured through a quantitative test called compliment fixation, also known as a titer, which is

13   expressed as a ratio.  The higher the second number in the ratio, the more severe the disease.  For

14   example a 1:16 ratio would be worse than 1:4.  (Johnson Dec. ¶ 7.)

15          4.      On September 23, 2008, Plaintiff's cocci titer, drawn while he was still hospitalized

16   was reported to be 1:4.  (Johnson Dec. ¶ 10; Saunders Dec. ¶ 5, Ex. D, p. 1631; ¶ 6, Ex. E, p. 1966.)

17          5.      After discharge, Plaintiff was monitored by Avenal State Prison medical providers with

18   periodic cocci titers, chest x-rays and evaluations.  (Johnson Dec. ¶ 11; Saunders Dec. ¶ 5, Ex. D, pp.

19   1218-20, 1284-88, 1291-92, 1296, 1302, 1304-05, 1310, 1311, 1313, 1316-19, 1596, 1603, 1607,

20   1609, 1611, 1625, 1652, 1656, 1658, 1692.)

21          6.      On October 22, 2008, Plaintiff underwent a follow-up chest x-ray.  The radiologist

22   noted an extensive density obscuring a portion of the cardiac border.  He opined it may represent a

23

24   _____

25   [1] Defendant submitted more than 2,100 pages of exhibits without page citations.  Exhibit D alone exceeds 770 pages.
     Defendant's failure to cite page numbers when referencing voluminous exhibits is not well-taken and demonstrates a
     blatant disregard for this Court's time and resources.  Defendant is admonished that a party asserting that a fact cannot be
26   disputed must support the assertion by "citing to *particular* parts of materials in the record, including . . . documents. . . ."
     Fed. R. Civ. P. 56(c)(1)(A) (emphasis added).  Further, a party's statement of undisputed facts must "enumerate discretely
27   each of the specific material facts relied upon in support of the motion and cite the *particular portions* of any . . . document
     relied upon to establish that fact."  Local Rule 260(a) (emphasis added).  Page number citations have been added by the
28   Court and correspond with the pagination on the bottom of Defendant's exhibits.

1  dense pneumonia, possibly related to cocci, but malignancy could not be ruled out.  (Johnson Dec. ¶

2  11; Saunders Dec. ¶ 5, Ex. D, p. 1658.)

3       7.       A follow-up cocci serology report from October 29, 2008 noted a titer of 1:8, a bit

4  higher than the titer reported on September 23, 2008, but also noted the September 23, 2008 titer was

5  obtained by quantitative immunodiffusion.  (Johnson Dec. ¶ 11; Saunders Dec. ¶ 5, Ex. D, p. 1611; ¶

6  7, Ex. F, p. 2036.)

7       8.       A November 25, 2008 follow up chest x-ray showed improved infiltrate since October

8  22, 2008.  (Johnson Dec. ¶ 11; Saunders Dec. ¶ 5, Ex. D, p. 1656.)

9       9.       On January 14, 2009, Plaintiff's titer was reported to be 1:4.  (Johnson Dec. ¶ 11;

10  Saunders Dec. ¶ 5, Ex. D, p. 1625; ¶ 7, Ex. F, p. 2038.)

11       10.       On April 17, 2009, Plaintiff's titer was reported to be unchanged at 1:4.  (Johnson Dec.

12  ¶ 11; Saunders Dec. ¶ 5, Ex. D, p. 1609; ¶ 7, Ex. F, p. 2041.)

13       11.       On May 11, 2009, Plaintiff underwent a chest x-ray.  The radiologist noted continued

14  resolution of the infiltrate/nodule with gradual creation of a granuloma related to the cocci.  (Johnson

15  Dec. ¶ 12; Saunders Dec. ¶ 5, Ex. D, p. 1652.)

16       12.       Byron Mui, M.D. is a physician specializing in the treatment of infectious disease.

17  (Declaration of Byron S.K. Mui, M.D. ("Mui Dec.") ¶¶ 1, 2.)

18       13.       When requested by prison medical staff, Dr. Mui consults with inmates at Avenal State

19  Prison through telemedicine.  (Mui Dec. ¶¶ 2, 3.)

20       14.       Dr. Mui's telemedicine consultations are performed using videoconferencing

21  equipment with a prison nurse physically present during the consultation to assist him if needed.  In

22  advance of Dr. Mui's consultation, the nurse at the prison will take the patient's vital signs and report

23  them to him.  (Mui Dec. ¶ 3.)

24       15.       When consulting on an inmate patient via telemedicine, Dr. Mui is provided with some,

25  but not always all, of the inmate's relevant laboratory results and/or medical records.  (Mui Dec. ¶ 3.)

26       16.       May 27, 2009 was Plaintiff's first consultation with Dr. Mui.  (Johnson Dec. ¶ 13; Mui

27  Dec. ¶ 4, ¶ 7, Ex. A.)

28

17.     On May 27, 2009, Dr. Mui saw Plaintiff in a telemedicine consultation with Nurse L. Hudson present.  Dr. Mui noted Plaintiff had been diagnosed with cocci on September 15, 2008, and had been taking fluconazole for eight months.  Plaintiff denied headaches, fevers, chills or night sweats during this exam.  He did report occasional joint pain.  (Johnson Dec. ¶ 13, Mui Dec. ¶ 4, ¶ 7, Ex. A.)

18.     On May 27, 2009, Dr. Mui noted Plaintiff's cocci serology from January 14, 2009, was 1:4 and serology from April 17, 2009, was unchanged at 1:4.  (Johnson Dec. ¶ 13, Mui Dec. ¶ 4, ¶ 7, Ex. A.)

19.     On May 27, 2009, Dr. Mui also noted Plaintiff's chest x-ray from November 25, 2008, showed reduction in the left lung infiltrate.  A repeat chest x-ray from May 1, 2009, showed resolution of the infiltrate with a residual nodule.  (Johnson Dec. ¶ 13, Mui Dec. ¶ 4, ¶ 7, Ex. A.)

20.     Based on Plaintiff's available test results and clinical presentation on May 27, 2009, Dr. Mui believed Plaintiff's cocci infection was stable and he no longer required further treatment with fluconazole.  (Mui Dec. ¶ 4, ¶ 7, Ex. A.)

21.     On May 27, 2009, Dr. Mui recommended Plaintiff stop taking fluconazole and noted he would see Plaintiff again when repeat cocci serology was available.  (Johnson Dec. ¶ 13; Saunders Dec. ¶ 5, Ex. D, pp. 1293, 1712-13; Mui Dec. ¶ 7, Ex. A.)

22.     On June 18, 2009, a follow up cocci serology reported a favorable decrease in titer since April 2009.  (Johnson Dec. ¶ 14; Saunders Dec. ¶ 5, Ex. D, p. 1607; ¶ 7, Ex. F, p. 2043.)

23.     On July 23, 2009, a cocci serology report noted Plaintiff was still positive for cocci by immunodiffusion but favorably negative for cocci by complement fixation.  Overall, Plaintiff had serologic improvement since June 2009.  (Johnson Dec. ¶ 14; Saunders Dec. ¶ 5, Ex. D, p. 1603; ¶ 7, Ex. F, p. 2045.)

24.     Plaintiff's October 21, 2009 cocci serology report noted Plaintiff had a titer of 1:4.  (Johnson Dec. ¶ 15; Saunders Dec. ¶ 5, Ex. D, p. 1956; ¶ 7, Ex. F, p. 2047.)

25.     On November 23, 2009, Plaintiff presented to the prison clinic for follow up.  He had complaints of bone pain and an occasional cough.  Dr. Nareddy requested Dr. Mui consult.  (Johnson Dec. ¶ 16; Saunders Dec. ¶ 5, Ex. D, p. 1284.)

1    26.    On December 9, 2009, Plaintiff was seen for the second and final time by Dr. Mui in

2    telemedicine.  Again L. Hudson, R.N., was present for Avenal State Prison.  Ms. Hudson noted

3    Plaintiff had complained of joint pain and he thought it might be recurring Valley Fever.  Ms. Hudson

4    reported Dr. Mui reassured Plaintiff this was not the case, and noted Dr. Mui did not believe Plaintiff

5    needed to be restarted on fluconazole.  Ms. Hudson noted Plaintiff was unhappy with this decision.

6    She stated Plaintiff should return to primary care follow up, as needed.  (Johnson Dec. ¶ 17, Saunders

7    Dec. ¶ 5, Ex. D, p. 1282.)

8    27.    In his report of the December 9, 2009 consultation, Dr. Mui noted Plaintiff denied

9    fever, and acknowledged complaints of knee and thigh pain.  Dr. Mui also noted Plaintiff's cocci

10   serology was 1:4, unchanged from the prior study of January 2009.  In Dr. Mui's opinion, Plaintiff's

11   symptomology was not related to cocci, since the serology was unchanged.  Dr. Mui instructed

12   Plaintiff to follow up with his primary care physician.  (Johnson Dec. ¶ 18; Mui Dec. ¶ 5, ¶ 7, Ex. A.)

13   28.    When he saw Plaintiff on December 9, 2009, Dr. Mui had not been provided with the

14   titer results from June or July 2009.  (Johnson Dec. ¶ 18; Mui Dec. ¶ 5.)

15   29.    From December 9, 2009, to June 23, 2010, Plaintiff continued to receive monitoring for

16   cocci with serology testing by the Avenal State Prison medical staff.  (Johnson Dec. ¶ 20; Saunders

17   Dec. ¶ 5, Ex. D, p. 1580, 1585, 1587; ¶ 7, Ex. F, 2051, 2053, 2055.)

18   30.    Plaintiff's serology remained stable until June 23, 2010, when his serology report

19   indicated an increase in titer, measured at 1:16.  (Johnson Dec. ¶ 20; Saunders Dec. ¶ 5, Ex. D, p.

20   1580; ¶ 7, Ex. F, p. 2055.)

21   31.    When his serology showed an increase in titer, Plaintiff was restarted on fluconazole by

22   an Avenal State Prison medical provider and, as his titer decreased, his symptoms subsided.  (Johnson

23   Dec. ¶ 20; Saunders Dec. ¶ 5, Ex. D, pp. 1242-43, 1253, 1256-57, 1374.)

24   32.    Dr. Mui was not contacted when Plaintiff's serology showed an increase in titer.

25   (Johnson Dec. ¶ 20; Saunders Dec. ¶ 5, Ex. D, pp. 1242-43.)

26   33.    Royce Johnson, M.D., is qualified to testify to the standard of care applicable to Dr.

27   Mui in this action.  (Johnson Dec. ¶¶ 1-4.)

28

1    34.    Dr. Mui complied with the standard of care at all times during his care and treatment of

2  Plaintiff.  (Johnson Dec. ¶¶ 20-23, 26.)

3    35.    Dr. Mui did not cause or contribute to any injury to Plaintiff.  (Johnson Dec. ¶¶ 24-25,

4  27.)

5    36.    Dr. Mui did not abandon Plaintiff.  (Johnson Dec. ¶¶ 20, 22-23, 25, 26.)

6    37.    Dr. Mui did not intentionally deny Plaintiff any necessary medical treatment.  (Mui

7  Dec. ¶¶ 5, 6; Johnson Dec. ¶¶ 20, 22, 25, 26.)

8    38.    Dr. Mui never had any intent to harm Plaintiff.  (Mui Dec. ¶ 6.)

9    39.    Dr. Mui's decision to discontinue fluconazole on May 27, 2009, was reasonable and

10  based on Dr. Mui's sound medical judgment.  (Johnson Dec. ¶ 22.)

11    40.    Dr. Mui's decision not to re-start fluconazole on December 9, 2009, was reasonable and

12  based on Dr. Mui's sound medical judgment.  (Johnson Dec. ¶ 23.)

13    41.    Dr. Mui was not deliberately indifferent towards Plaintiff's medical needs.  (Johnson

14  Dec. ¶¶ 20-27; Mui Dec. ¶¶ 4-7.)

15    42.    Dr. Mui had no control over when or if prison medical staff would request a

16  consultation or order treatment for Plaintiff.  (Mui Dec. ¶ 2.)

17            **D.  Plaintiff's Statement of Undisputed Facts ("PUF")**

18    1.    Dr. Mui, an infectious disease specialist, knew of Plaintiff's cocci and nose running

19  through was due to cocci.

20    2.    Dr. Mui knew that granuloma related to cocci was in Plaintiff's lung.

21    3.    On May 2009, Dr. Mui had Plaintiff taken off the medication for cocci (fluconazole).

22    4.    On December 9, 2009, Dr. Mui was deliberately indifferent to Plaintiff's medical needs

23  by not doing anything to see if the cocci was recurring or if the runny nose was related to the cocci,

24  denying Plaintiff any medical assistance.

25  ///

26  ///

27  ///

28  ///

8

1

**E.  Discussion**

2    Despite receiving notice of the requirements for opposing a motion for summary judgment,

3    Plaintiff filed a two-page response with accompanying exhibits.[2]  (ECF No. 70.)  A party bears the

4    burden of supporting its motions and opposition with the papers it wishes the Court to consider and/or

5    by specifically referencing any other portions of the record for consideration.  Carmen v. San

6    Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).  With this standard in mind, the

7    Court now turns to the motion for summary judgment.

8    Eighth Amendment - Deliberate Indifference to Serious Medical Needs

9    A prisoner's claim of inadequate medical care does not constitute cruel and unusual

10    punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

11    "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006)

12    (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test

13    for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by

14    demonstrating that failure to treat a prisoner's condition could result in further significant injury or the

15    'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

16    deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent

17    manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."

18    Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate

19    indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th

20    Cir.2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004), and is shown where there was "a

21    purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference

22    caused harm, Jett, 439 F.3d at 1096.

23    In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

24    civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere

25    'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton

26    v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429 U.S. at 105 06. "[A]

27

28    [2] Plaintiff's surreply, which was not authorized, is four paragraphs in length and lacks supporting evidence.

1   complaint that a physician has been negligent in diagnosing or treating a medical condition does not

2   state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does

3   not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at

4   106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence

5   is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright,

6   900 F.2d 1332, 1334 (9th Cir.1990). Additionally, a prisoner's mere disagreement with diagnosis or

7   treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th

8   Cir. 1989).

9        Plaintiff alleges that Defendant Mui was deliberately indifferent on December 9, 2009, because

10   he failed to examine Plaintiff and disregarded Plaintiff's complaints.   However, Defendant Mui

11   provides evidence that he conducted a telemedicine examination of Plaintiff on December 9, 2009.  At

12   that time, Defendant Mui considered Plaintiff's complaints of knee and thigh pain, but noted that

13   Plaintiff's cocci serology was 1:4, unchanged from the prior study of January 2009.  (DUF 27.)

14   Defendant Mui relied on Plaintiff's cocci serology report from October 2009, and he did not review

15   Plaintiff's favorable cocci reports from June and July 2009.  (DUF 22-23, 27-28.)  Based on the

16   information provided, Defendant Mui opined that Plaintiff's symptomology was not related to cocci,

17   since the serology was unchanged.  Defendant Mui instructed Plaintiff to follow up with his primary

18   care physician. (DUF 27.)  According to undisputed testimony from Defendant Mui's medical expert,

19   when Defendant Mui saw Plaintiff on December 9, 2009, Defendant Mui correctly determined that

20   Plaintiff's cocci serology was stable, his symptoms did not suggest disseminated disease, and he was

21   not suffering from a recurrence of cocci. (Johnson Dec. ¶ 23.)  The undisputed expert medical

22   testimony also demonstrates that Defendant Mui's decision not to re-start fluconazole on December 9,

23   2009, was reasonable and based on sound medical judgment.  (DUF 40.)  Based on this evidence,

24   Defendant Mui has established that he did not know of and disregard an excessive risk to Plaintiff's

25   health or safety.  Farmer, 511 U.S. at 837.

26        The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact

27   actually does exist. Matsushita Elec. Indus. Co., 475 U.S. at 586.  In his opposition, Plaintiff claims

28   that Defendant Mui was deliberately indifferent because he did nothing to see if the cocci was

10

1    recurring or if Plaintiff's runny nose was related to the cocci.  Plaintiff contends that he suffered years

2    of a runny nose due to infection that only was alleviated by surgery in April 2014.  (ECF No. 70, p. 3.)

3    Plaintiff has not raised a genuine dispute of material fact for trial.  Rather, the medical evidence

4    submitted by Plaintiff relates to events occurring several years later in 2012, 2013 and 2014.[3]  (ECF

5    No. 70, Exs. 2, 3.)  Plaintiff does not provide any expert testimony to demonstrate that these later

6    conditions and events are in any way linked to Defendant Mui's telemedicine examinations in 2009.

7    Further, Plaintiff's belief that he should have been prescribed fluconazole or re-tested for cocci in

8    December 2009 demonstrates a mere difference of opinion between a prisoner-patient and a prison

9    medical provider, which is not sufficient to establish an Eighth Amendment violation.  Sanchez, 891

10   F.2d at 242.  The Court therefore finds that summary judgment should be entered in favor of

11   Defendant Mui.

12       **III.    Conclusion and Recommendation**

13       For the reasons discussed above, it is HEREBY RECOMMENDED that:

14       1.  Defendant's motion for summary judgment, filed on July 17, 2014, be GRANTED; and

15       2.  Judgment be entered in favor of Defendant Mui.

16       These Findings and Recommendations will be submitted to the United States District Judge

17   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

18   after being served with these Findings and Recommendations, Plaintiff may file written objections

19   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

20   ///

21   ///

22   ///

23   ///

24   ///

25

26

27   [3] Defendant objects to Plaintiff's exhibits as irrelevant, hearsay and lacking authentication.  Fed. R. Evid. 402, 403, 802,
     901.  Defendant's objection to Plaintiff's exhibits on the basis of relevance is SUSTAINED.  The documents submitted by
28   Plaintiff are unrelated to the treatment and care rendered by Defendant Mui in May and December 2009.

1   Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

2   result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson</u>

3   <u>v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir.

4   1991)).

5

6   IT IS SO ORDERED.

7       Dated:   __**January 26, 2015**__                    ___/s/ *Barbara A. McAuliffe*___

8                                                              UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28